## David E. Parker, Appellant, v. John Dietz, Appellee.

1. BAILMENT, § 10*—*what is duty of bailee as to insuring goods for owner's benefit.* There is no legal duty devolving on a bailee, even for accommodation, to insure the chattels for the owner's benefit unless there is a contract or custom requiring it.

2. BAILMENT—*when negligence of bailee is question for court.* The failure of a bailee to insure the chattels does not present a question of negligence for the determination of a jury, but one of law for the court.

3. BAILMENT, § 10*—*what diligence must be exercised by bailee for accommodation in caring for property.* A bailee for accommodation is bound to use extraordinary diligence in caring for the property, but is not liable for an accidental loss.

Appeal from the Circuit Court of White county; the Hon. JULIUS C. KERN, Judge, presiding. Heard in this court at the March term, 1916. Reversed. Opinion filed November 13, 1916.

NOAH C. BAINUM, for appellant.

FRANCIS M. PARISH, for appellee.

MR. JUSTICE McBRIDE delivered the opinion of the court.

Appellee recovered a judgment in the court below for $325 and costs, which appellant seeks to reverse by this appeal.

It appears from the record in this case that the appellee was the owner of one Mercury Arc Rectifier, one glass globe with mercury, two lenses, one large lamp and two condensers, for a standard model picture machine, also one reel of pictures. That on or about the 3rd or 4th of April, 1915, the appellant was engaged in conducting a vaudeville and picture show and needed the apparatus owned by appellee for the purpose of conducting his show; that he offered to purchase the above-described articles from appellee but

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

appellee refused to sell them to him but told appellant he would loan them to him, and did make the loan, and on about the day last aforesaid, appellant took the apparatus from appellee's place of business to appellant's place of business and used it in connection with his vaudeville and picture show. It appears that on Thursday after he had borrowed it on Monday he had some trouble with the rectifier and appellee went up to appellant's building and worked upon it. It further appears from the evidence that shortly thereafter appellant had his building insured but did not take out insurance upon the apparatus borrowed from appellee. About the 10th of May, 1915, the building and contents, including the apparatus of appellee, was destroyed by fire. Prior to the commencement of this suit, appellee demanded payment of appellant, which was refused. The fire was not caused by any negli-. gence of appellant but was unavoidable. The case was tried by a jury and verdict and judgment rendered for appellee for $325.

The declaration in this case, after alleging that the appellant borrowed the aforesaid apparatus of appellee, then avers that it then and there became the duty of the defendant to procure insurance on said goods and chattels for the protection of the plaintiff, but that the defendant negligently failed and refused to procure such insurance, and that such goods and chattels were wholly destroyed by fire and that the plaintiff, owing to the negligence of the defendant, was thereby injured in his property. To this the defendant filed a plea of general issue.

There is no dispute as to the facts in this case. It appears from the evidence that the appellee loaned appellant the apparatus in question to be used by appellant in operating his picture show. That appellee knew where the apparatus was being kept and used; that there was no evidence of any contract for in-

surance, or of any custom with reference to insurance. The declaration charges that it was the duty of appellant to insure the property and that he neglected to do so and the loss resulted. The only claim of neglect, as shown by the evidence, was the failure upon the part of appellant to insure the property.

As we view the record in this case, its decision depends upon the determination of the question as to whether or not it was the duty of appellant under the law to insure the property, and we think this is purely a question of law. If such a duty devolved upon the appellant then he is liable. If he was not required by law to insure the property then no liability could attach. At the close of the evidence the appellant asked the court to give an instruction directing the jury to find a verdict for the defendant, which the court refused, and its refusal is assigned for error. As we view it, the whole case can be determined upon this assignment of error.

The relation sustained by appellant to appellee was that of a bailee for appellant's accommodation, and when he borrowed appellee's property he was bound to use extraordinary diligence in caring for the borrowed chattels. The question here submitted, however, is not one of care and diligence with reference to the preservation of the property borrowed but is one as to whether or not he should have taken the precaution to insure the property so that appellee could be reimbursed in case of loss, and we are of the opinion that this is a different proposition from that laid down in the textbooks requiring the greatest care and diligence as to the preservation of the particular property. It was his duty to use the utmost care and diligence to preserve the particular property that he had borrowed, and if he failed or neglected to do any act that he could have done for the preservation of the property, then he would be liable for such

neglect and the liability is based upon his negligence in this respect. We have not been able to find any authorities involving the exact question presented here nor has counsel cited us to any, and the case must be largely determined from the principles laid down in the elementary works. As we understand the law there is no duty devolving upon the borrower of a chattel even for accommodation to insure such chattel for the benefit of the owner, unless there is a contract so to do or a custom existing that required it, and no such has been proven in this case. So far as this record discloses, the fire was accidental and without the fault of appellant and we think the loss must be classed as an accidental loss. "In no case is the borrower obliged for any accident as death, naufrage, burning, unless he has undertaken that hazard either expressly or tacitly." Story on Bailments (8th Ed.), sec. 253 c. "Under a gratuitous loan for use, the benefit being all on one side, the borrower is bound to use extraordinary diligence in preserving the borrowed chattels. He is bound to exercise all the care and diligence which the most careful and vigilant men employ in their own affairs, and he is responsible for even slight negligence, whereby the property is lost or injured. The omission of the most exact and scrupulous caution, or any want of prudence, is regarded as a culpable neglect in the borrower. The borrower does not insure the safety of the goods and he is not liable for them where he keeps and uses them with due care and in the manner permitted by the terms of the loan; he is not liable where the chattel dies, or is stolen, or is destroyed by fire, without any negligence on his part. The risk of losses like these abides with the owner unless the bailee has failed in his duty to anticipate and guard against the danger." Edwards on Bailments, sec. 135.

The evidence in this case shows that appellee knew

the purpose for which the property was to be used, and where used, and in fact visited the property and worked upon it while in appellant's building, and if he did not care to assume the risk he should have required appellant by contract to have insured the property but this he failed to do. "Where the bailor knows the general character and habits of the bailee and the place where or manner in which the goods deposited are to be kept by him, the bailor   *   *   * must be presumed to assent in advance that his goods shall be thus treated." Dobie on Bailments & Carriers, page 69. "And if a thing be injured or destroyed through inevitable accident or *vis major*, or by reason of fire, the fall of a building or other like casualty,   *   *   * the loss will not fall upon the bailee unless he appears to have been to blame in the matter." Schouler on Bailments, sec. 74. And the same doctrine is laid down in Vanzile on Bailments, sec. 107. "If a person lend an article to another, the bailee is bound to take such care of it as a very careful and vigilant man would exercise in regard to his own property, and if it is injured without any negligence or fault on his account, he is not legally liable to the owner. Jones on Bailments, sec. 75;" Harringtons Reports, vol. 2, page 67 (Delaware).

We are satisfied from an examination of these authorities and others that we have examined that the law does not impose upon the bailee the duty of insuring property borrowed, unless there is a contract or custom existing to that effect. It is contended by counsel for appellee that there is a presumption of negligence, and for that reason the judgment should be affirmed. Where it appears, as it does in this case, that the only act of negligence charged or claimed by the evidence to exist is an act that the law does not impose upon the bailee, then no such presumption could arise. It is also contended by counsel for ap-

pellee that the question of negligence is a question of fact for the determination of the jury, and cites in support of this doctrine the case of *Gray v. Merriam,* 148 Ill. 179. The doctrine here invoked is not applicable in this case for the reason that the act complained of is not as to whether the appellant was negligent or not but the act upon which a recovery is sought was whether or not appellant was required to do a particular thing towards the property borrowed, to wit, to insure the same, and if he was not required in law to insure the property then it could not become a question of fact for the determination of the jury. We are of the opinion that the law did not impose upon the appellant the duty of having the property insured, and that as this was the only act of negligence complained of, there could be no liability for the accidental loss of the property.

The court erred in refusing to direct a verdict for the defendant, and the judgment of the lower court is reversed.

*Judgment reversed.*